## Emenheiser v. Colonial Manor Nursing Home

*W. William Anderson,* for plaintiff.
*Leo E. Gribbin and Larry Besnoff,* for defendant.

ERB, *J.*, November 25, 1985—This matter is before the court on the preliminary objection of defendant Colonial Manor Nursing Home. Defendant requests the court to dismiss the complaint for lack of jurisdiction.

The complaint alleges that plaintiff was employed by defendant as a licensed practical nurse/medical nurse from 1979 to 1983. In 1983, plaintiff was forced to take a leave of absence due to illness and was discharged several weeks later by defendant. Plaintiff was told that defendant would rehire her; however, a prehiring examination revealed a mild congenital back ailment and defendant refused to rehire her. Plaintiff alleges that this condition had been revealed to defendant on plaintiff's original application of employment some four years before and that the ailment did not in any way interfere with her duties. Plaintiff, in sum, has alleged that she was discriminated against on the basis of a nonjob-related handicap in violation of the Pennsylvania Human Relations Act. Act of October 27, 1955, P.L. 741 §1, February 28, 1961, P.L. 47 §1, 43 P.S. §951 (hereinafter referred to as Pa. H.R. Act).

Defendant contends that because the commission, pursuant to section 962(c) of the Pa. H.R. Act, did not dismiss or fail to reach a conciliation agreement or notify plaintiff of the disposition of her case within one year of the filing of her complaint, jurisdiction does not lie with this court. After reviewing the briefs and pleadings and consulting the statutes, we find defendant's contention without merit.

Section 962(c) provides, in pertinent part:

"If within one year after the filing of a complaint with the commission, the commission dismisses the complaint or has not entered into a conciliation agreement in which the complaint is a party, the commission must so notify the complainant. On re-

ceipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act."

From the language of the statute, it appears that the commission's decision to dismiss or its recognition of failure to reach a conciliation agreement must take place within one year after the filing of the complaint and then notice of this result must be given to the complainant. Plaintiff here was notified, on November 20, 1984 that the commission had neither dismissed nor conciliated her case due to an overload of cases. She was advised of her right to proceed in the common pleas courts but that the commission did want the opportunity to further process her case, if she would so allow. Plaintiff decided to allow the commission to further examine her claim.

It was not until May 8, 1985 that plaintiff was finally notifed that the commission had dismissed her case. Defendant challenges the jurisdiction of this court because dismissal was made more than one year after the filing of the complaint and because notice of said dismissal was not received until 18 months after the filing of the complaint. The provisions of the Pa. H.R. Act does not require that the notice is limited to the one-year period in the statute. In both notices sent by the commission, plaintiff was again informed of her right to pursue an action in the common pleas court to receive a judicial determination of her allegations of discrimination.

The Pa. H.R. Act does not prohibit the claimant from pursuing a remedy in the courts of the Commonwealth except that the matter must first be initiated before the commission. The act directs that the commission is given one year to dispose of the matter, and if it does not, it is directed to so notify

the claimant, who can then pursue an action in the court of common pleas. The requirement of making a determination within a year is directed to the commission, not the claimant; therefore, neither the failure of the commission to act within that period, nor the claimant's agreement to extend the time, should prejudice the claimant's right to proceed in court.

Having found that the commission has now notified plaintiff that her action before it has been dismissed, we conclude she is now permitted to bring the present action.

Accordingly, we enter the following

## ORDER

And now, this November 21, 1985, the motion of defendant Colonial Manor Nursing Home to dismiss for lack of jurisdiction is refused and denied.